UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,       )
                                )
            v.                  )
                                )   Cr. No. 09-10166-MLW
RICHARD W. McDONOUGH,           )
        Defendant.              )

MEMORANDUM AND ORDER

WOLF, D.J.                                    December 29, 2016

As more fully explained in the October 19, 2016 Memorandum and Order, on September 9, 2011, the court sentenced Richard McDonough to seven years in prison for conspiring with his co-defendant Salvatore DiMasi to use DiMasi's office as Speaker of the Massachusetts House of Representatives to commit extortion, mail fraud, and wire fraud. McDonough had told the Probation Officer who prepared his Presentence Report ("PSR") that "his use of alcohol, marijuana, and cocaine ha[d] never been problematic and that he ha[d] never participated in, or needed any, substance abuse counseling." PSR, ¶108. Having no information to raise questions concerning this representation, the court did not include in its sentence any conditions of Supervised Release relating to alcohol or drug abuse.

However, while serving his sentence, McDonough told employees of the Bureau of Prisons (the "BOP") that he had used alcohol daily and cocaine weekly in the year prior to his arrest, and wished to

enter its Residential Drug and Alcohol Abuse Program (the "RDAP"). Without applying its established criteria, which required in McDonough's circumstances documentation from a treatment or medical provider who diagnosed and treated McDonough for substance abuse within the 12-month period before his arrest, the BOP admitted McDonough to the RDAP. McDonough reportedly successfully completed that program. The BOP then exercised its discretion to reduce McDonough's sentence by one year. See 18 U.S.C. §3621(e). The BOP also allowed McDonough to serve the last months of his sentence at home, while receiving out-patient alcohol treatment.

Following a hearing on November 9, 2016, at which evidence of the BOP's failure to follow its established procedures was developed, the BOP declined to reverse its decision to reduce McDonough's sentence by a year. He will, therefore, be released from custody on January 3, 2017, and then begin serving his two-year term of Supervised Release.[1]

In view of the foregoing, the court will conduct a hearing to determine whether the conditions of McDonough's Supervised Release should be modified to include conditions concerning substance abuse. See 18 U.S.C. §3583(e)(2); 18 U.S.C. §3583(d); 18 U.S.C. §3563(b); United States v. Fey, 834 F.3d 1, 3 (1st Cir. 2016);

---

[1] The court does not have authority to review and, if justified, reverse the BOP's decision to reduce McDonough's sentence. See 18 U.S.C. §3621; Muniz v. Sabol, 517 F.3d 29, 40 (1st Cir. 2008).

2

United States v. Pabon, 819 F. 3d 26, 30 (1st Cir. 2016); United States v. DiMasi, 2016 WL 6818346, at *23-26 (D. Mass. 2016). More specifically, the court is considering imposing the following conditions, among others relating to substance abuse:

1. McDonough shall participate in any substance abuse program prescribed by Probation, which may include up to 104 tests per year, and pay for, or contribute to, the cost of any such program.[2]

2. McDonough shall not consume any alcohol.

3. McDonough shall not use any controlled substance without a doctor's prescription and the approval of Probation.

4. McDonough shall not reside in any premises where alcohol is present.

5. McDonough shall not associate with any individual who is consuming alcohol and/or using a controlled substance not prescribed by a doctor.

6. McDonough shall not enter any establishment whose primary purpose is selling alcohol or alcoholic beverages to consumers.

See United States v. Allen, 312 F. 3d 512, 515 (1st Cir. 2002).

Therefore, pursuant to Federal Rule of Criminal Procedure 32.1(c), it is hereby ORDERED that a hearing to determine whether McDonough's conditions of Supervised Release should be modified to include the foregoing conditions relating to his reported substance abuse, and/or other comparable conditions, shall be held

---

[2] The court is informed by Probation that while completing his sentence McDonough has been receiving out-patient treatment for alcohol abuse at Hope House, Inc., and that Hope House recommends the continuation of such treatment, or its equivalent, when McDonough is released.

on  January  5,  2017,  at  2:00  p.m.  McDonough  shall  attend  the

hearing.


UNITED STATES DISTRICT JUDGE